UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAROLD JOSEPH AUGUSTIN                             CIVIL ACTION

VERSUS                                            NO. 06-7193

MALISE PRIETO, ET AL.                             SECTION:  "C"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Harold Joseph Augustin, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Malise Prieto, Mary M. Pellegrin, Lynn Cooper, Tonia Rachal, Jerry L. Fontenot, and George L. Moore.  Plaintiff claims that the state district court provided prison officials with falsified court records reflecting an incorrect sentence and that he is being wrongly incarcerated based on those records.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  The United States Fifth Circuit Court of Appeals has held that the screening provisions of § 1915A apply even when, as in the instant case, the prisoner has paid the required filing fee.  Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

The Court has broad discretion in determining the frivolous nature of a complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint,[1] the Court finds that his claims are frivolous.[2]

In his complaint, plaintiff makes the following allegations.  He was convicted in state court of possession of stolen things valued over $500 in violation of La.Rev.Stat.Ann. § 14:69 and was sentenced on June 9, 1997, to a term of six years imprisonment.  On January 16, 2004, he learned from prison officials that his prison records reflected that he had been resentenced on July 11, 1997,

---

[1] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment.  See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003).  Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

as a habitual offender to a term of ten years imprisonment without the benefit of probation, parole, or suspension of sentence.  He complained to prison officials that the records were wrong; however, the officials responded that the pertinent minute entry from his state court proceedings reflected the ten-year sentence.[3]

On June 6, 2005, plaintiff filed a motion with the state district court to correct the record; that motion was denied on June 16, 2005.  Plaintiff next filed a writ application with the Louisiana First Court of Appeal.  On October 6, 2005, that court ordered the state district judge to review the sentencing transcript and minute entry, to make any necessary corrections to the minute entry and commitment order, and to indicate whether plaintiff was sentenced to hard labor.  On November 30, 2005, the state district judge issued an order stating that the minute entry and commitment order were correct and that the sentence was to be served at hard labor.  Plaintiff then filed another writ application with the Louisiana First Court of Appeal; that application was denied.  Plaintiff also sought writs from the Louisiana Supreme Court, apparently without success.

Plaintiff then filed an administrative grievance with prison officials arguing that the records on which they were relying were falsified and inaccurate.  Defendant Rachal responded, stating that prison officials were relying on the official court records and that any complaint regarding the

---

[3] The undersigned takes judicial notice of the fact that also pending in this Court is a related *habeas corpus* petition in which plaintiff challenges, *inter alia*, his habitual offender adjudication: Harold Augustine v. Warden Lynn Cooper, Civil Action  No. 06-6757 "S"(5).  See MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court." ).  A copy of the disputed minute entry is attached to plaintiff's petition in that proceeding.

alleged invalidity of the court records must be directed to the court, not the prison.  Plaintiff unsuccessfully appealed the denial of his grievance.

Plaintiff claims that he was not present at the habitual offender hearing on July 11, 1997, and that the attorney who admitted the allegations of the multiple bill of information on his behalf did so without his authorization.

Even if plaintiff were able to overcome the plethora of other problems regarding this lawsuit,[4]  there are two obstacles that are clearly insurmountable.

First, as to his requests for monetary damages, those claims are squarely barred by Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

---

[4] For example, the claims against Prieto, Fontenot, Moore, Rachal, and Cooper are clearly frivolous.  Prieto is being sued under a theory of vicarious liability, which is not allowed in actions brought pursuant to 42 U.S.C. § 1983.  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).  Fonenot and Moore are not state actors.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").  Rachal and Cooper, who are calculating plaintiff's sentence based on the official state court records, as they are legally bound to do, would clearly be entitled to qualified immunity.

> plaintiff can demonstrate that the conviction or sentence has already been
> invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  Claims barred by Heck are

legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

Based on plaintiff's own allegations in his complaint, he has already challenged the allegedly

invalid habitual offender adjudication and sentence, and his claims were rejected by the state courts.

As a result, his habitual offender adjudication and sentence are, as far as the state courts are

concerned, valid and intact.  Because a federal judgment in plaintiff's favor on his instant claims

would necessarily imply the invalidity of that state habitual offender adjudication and sentence,

Heck currently bars his claims for monetary damages in this federal civil rights action.  See Hopper

v. Easley, No. 98-7792, 1999 WL 270371 (4th Cir. May 4, 1999); Greene v. McGraw, No. Civ. A.

7:02CV00626, 2002 WL 32494603 (W.D. Va. Aug. 16, 2002), aff'd as modified, 56 Fed. App'x 143

(4th Cir. 2003).

Second, as to plaintiff's request for an order directing the clerk of court to correct the state

court records to reflect that he was never adjudicated a habitual offender and that he was sentenced

to a term of six years imprisonment with goodtime eligibility rather than as a habitual offender to

a term of ten years imprisonment without the benefit of probation, parole, or suspension of sentence,

that form of relief is not properly sought in a federal civil rights action.  Regardless of how plaintiff

couches his request, he is clearly seeking a judgment from this Court finding that he is eligible for

a speedier release from incarceration than is reflected in his state criminal court conviction records.

In federal court, that relief can only be sought in the context of a *habeas corpus* proceeding.  Preiser

v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or

duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).  As noted, plaintiff currently has pending before this Court a *habeas corpus* petition asserting this same claim,[5] and it is in that proceeding that he must seek such relief.[6]

Motion for Injunctive Relief

The Court notes that, in connection with this lawsuit, plaintiff has also filed a motion for a temporary restraining order and preliminary injunction.[7]  Because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order, his motion must be construed solely as one for a preliminary injunction.  Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that plaintiff will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest.

---

[5] See *supra* note 3.

[6] Moreover, the relief he seeks against the clerk of court is essentially the issuance of a writ of mandamus, a form of relief this Court has no authority to grant against a state official in the performance of his or her duties and functions.  See Neuman v. Blackwell, No. 06–50093, 2006 WL 3019207 (5th Cir. Oct. 24, 2006); Noble v. Cain, 123 Fed. App'x 151, 152 (5th Cir. 2005).

[7] Rec. Doc. 5.

See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School Dist., 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).  The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.  See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

For the reasons set forth in this opinion, there is no likelihood that plaintiff will succeed on the merits of his claims in this lawsuit.  Accordingly, plaintiff's motion should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims for monetary damages be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** to their being asserted in his pending *habeas corpus* proceeding.

It is **FURTHER RECOMMENDED** that plaintiff's motion for a temporary restraining order and preliminary injunction, Rec. Doc. 5, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

7

New Orleans, Louisiana, this seventh day of November, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**